UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL NDIZEYE,<br><br>                                Plaintiff,<br>v.<br>CITY OF SAN DIEGO,<br>                                Defendant. | Case No.: 3:24-cv-01768-JES-KSC<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**2) DISMISSING COMPLAINT PURSUANT TO SCREENING UNDER 28 U.S.C. § 1915(e)**<br><br>**3) DENYING AS MOOT MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS AS PRO SE LITIGANT**<br><br>**4) DENYING AS MOOT REQUEST FOR JUDICIAL NOTICE**<br><br>**[ECF Nos. 6, 8, 9]** |

//
//
//

Plaintiff Daniel Ndizeye ("Ndizeye" or "Plaintiff"), proceeding *pro se*, filed a complaint alleging violations of various civil rights arising from the alleged failure of Defendant City of San Diego ("City") to adequately maintain safe, accessible, and non-discriminatory public infrastructure. ECF No. 1. Ndizeye also filed a Motion to Proceed *In Forma Pauperis* ("IFP"), (ECF No. 2), which this Court denied without prejudice. ECF No. 3. Ndizeye subsequently renewed the IFP motion. ECF No. 6. Ndizeye also filed a Motion for Leave to Electronically File Documents as a Pro Se Litigant. ECF No. 8. Finally, Ndizeye submitted a request for judicial notice of several exhibits in support of his Complaint. ECF No. 9. Upon review, the Court **GRANTS** Plaintiff's IFP request, **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint under 28 U.S.C. § 1915(e), and **DENIES AS MOOT** both the Motion for Leave to Electronically File Documents and the Request for Judicial Notice.

## I.   BACKGROUND

Ndizeye resides at 711 51st Street, located in the City of San Diego, California. ECF No. 1 at 1. He alleges the City has neglected to properly maintain the roads and sidewalks in his neighborhood, rendering them unsafe and inaccessible. *Id*. Alleged problems include potholes and fissures, insufficient width and space for parking, lack of proper signage, sidewalk disrepair, waste accumulation, and other related issues. *Id*. at 7-10. Ndizeye alleges these problems have caused him emotional distress, physical injuries, property damage, and financial harm. *Id*. at 10-11. Ndizeye further alleges the City's neglect disproportionately affects minority and low-income residents that predominate the neighborhood. *Id*.

Ndizeye alleges several causes of action against the City, including violations of (1) the Equal Protection Clause of the Fourteenth Amendment, (2) Title II of the Americans with Disabilities Act ("ADA"), (3) Section 504 of the Rehabilitation Act of 1973, (4) Title VI of the Civil Rights Act of 1964, and (5) Federal Highway Administration Guidelines and Standards. *Id*. at 1.

## II. IFP APPLICATION

Parties instituting a civil action must pay a filing fee of $405 unless they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness, and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (internal quotation marks and citation omitted). To that end, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorp*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Ndizeye is a full-time student whose primary source of income is financial aid used to cover educational and living expenses. ECF No. 6 at 2. After subtracting tuition fees, he receives approximately $763 per month in financial aid. ECF No. 7 at 1. Ndizeye is unemployed and has $1,053.84 in his checking account. *Id.* at 2. His monthly expenses include food, clothing, laundry, transportation, and recreation, totaling $1,176.32. *Id.* at 4-5. Of this amount, $896 per month is used for essential expenses. ECF No. 6 at 3.

Upon review of Plaintiff's IFP application, the Court finds that Plaintiff has sufficiently shown that he is unable to pay the fees associated with commencing this lawsuit. Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

## III. SCREENING UNDER 28 U.S.C. § 1915(a)

A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review by the Court. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Plaintiff alleges several causes of action against the City arising from the City's alleged failure to properly maintain the roads and sidewalks in his neighborhood. The Court addresses each in turn.

**A. Equal Protection Clause of the Fourteenth Amendment**

The Equal Protection Clause of the Fourteenth Amendment prohibits a state from denying a person within its jurisdiction equal protection of the laws, "which is essentially a direction that all persons similarly situated should be treated alike." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (internal quotations and citations omitted). "The central inquiry in an Equal Protection Clause claim is whether a government action was motivated by a discriminatory purpose." *Ballou v. McElvain*, 29 F.4th 413, 422 (9th Cir. 2022). The alleged discriminatory purpose must be "against the plaintiff based upon membership in a protected class." *Lee*, 250 F.3d at 686 (internal quotations and citations omitted). Ndizeye alleges the City violated his Fourteenth Amendment rights "by failing to maintain the roadways and sidewalks" in his neighborhood, "while adequately

maintaining similar infrastructure." ECF No. 1 at 12. Ndizeye concludes this demonstrates the City has "engaged in discriminatory practices that disproportionately affect residents of 711 51st Street," constituting "intentional, . . . differential treatment of individuals from others similarly situated." *Id*. Ndizeye does not allege membership in a protected class, nor does he allege a discriminatory purpose behind the City's actions or inactions. Thus, the Equal Protection claim fails.

### B. Title II of the ADA and Section 504 of the Rehabilitation Act of 1973

"Title II of the ADA prohibits public entities from discriminating on the basis of disability," and "Section 504 similarly prohibits disability discrimination by recipients of federal funds." *Payan v. Los Angeles Community College District*, 11 F.4th 729, 737 (9th Cir. 2021). To state a claim for violation of Title II or Section 504, a plaintiff must first show that he has a qualifying disability. *Id*. Ndizeye does not allege any disability, nor does he allege discrimination due to disability. Thus, the Title II and Section 504 claims fail.

### C. Title VI of the Civil Rights Act of 1964

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, prohibits discrimination based on race, color, or national origin in programs and activities receiving federal financial assistance. Further, Title VI prevents "only intentional discrimination, not disparate impact discrimination." *Payan*, 11 F.4th at 736 (citing *Alexander v. Sandoval*, 532 U.S. 275, 280-81 (2001)). Ndizeye alleges the City "has engaged in discriminatory practices by failing to maintain the infrastructure in Plaintiff's predominantly minority neighborhood." ECF No. 1 at 12. Ndizeye does not allege intentional discrimination, nor does he allege such intentional discrimination is based on race, color, or national origin. Thus, the Title VI claim fails.

### D. Federal Highway Administration Guidelines and Standards

The federal Manual on Uniform Traffic Control Devices ("MUTCD") "is not a regulation issued pursuant to the Rehabilitation Act [of 1973]." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 910 (9th Cir. 2011). Ndizeye alleges the City failed to comply with the

MUTCD, in violation of Section 504 of the Rehabilitation Act. ECF No. 1 at 14. This allegation directly misstates the law. Thus, the claim fails.

All of Plaintiff's claims fail to state a claim upon which relief may be granted. Therefore, the Court **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(a).

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, but **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(a) for failure to state a claim upon which relief may be granted. The Court **DENIES AS MOOT** Plaintiff's Motion for Leave to Electronically File Documents and the Request for Judicial Notice. Plaintiff shall have until **February 14, 2024**, to file an amended complaint if he wishes to proceed with the case. Failure to do so will result in dismissal of this case.

**IT IS SO ORDERED.**

Dated:  January 17, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge